Presstek, Inc. v. Agfa-Gevaert N.V.    CV-95-220-M    04/24/96
UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Presstek, Inc.,
    Plaintiff

    v.                                                      Civil No. 95-220-M

Agfa-Gevaert N.V.,
    Defendant


O R D E R


On May 16, 1995, the parties filed a stipulation which contained, among other things, certain injunctive provisions designed to maintain the status quo pending resolution of the their disputes (the "stipulation").  At the request of the parties, on May 17, 1995, the stipulation was entered as an order of the court.


On April 18, 1996, the court ordered that this case be closed, finding that the parties' disputes were properly before an arbitrator.  By letter dated April 22, 1996, Presstek moved to reopen this matter and modify the April 18 order to expressly provide for the continuation of the injunctive provisions of the

previously adopted stipulation. By letter dated April 22, 1996, Agfa gave its assent to the relief requested by Presstek.[1]

Despite the fact that this matter is now properly before an arbitrator, the parties (Presstek in particular) seem concerned that anarchy will result if the stipulation is no longer in force as an order of the court. Strictly speaking, the stipulations's injunctive provisions should <u>not</u> continue in effect as an order of the court. The entire matter is, and was initially, subject to arbitration. To the extent the court properly awarded injunctive relief, it was only appropriate to preserve the status quo until a properly appointed arbitrator could assume jurisdiction, determine the arbitrability of the parties' disputes, review the substance of those disputes, and enter any appropriate <u>temporary</u> and/or permanent relief.

---

[1] Counsel for the parties should review the provisions of Local Rule 7.1, which clearly state that motions shall be considered only if they are: submitted separately from other filings, accompanied by a memorandum or a statement explaining why none is necessary, and include a statement that the concurrence of opposing counsel has been sought. Counsel should know that correspondence related to pending litigation should not be sent directly to a presiding judge. <u>See</u> Local Rule 77.6.

2

Nevertheless, given the parties' agreement, the court hereby clarifies its order of April 18, 1996 as follows:  The injunctive aspects of the stipulation shall remain in effect as an order of this court unless and until: (i) the disputes between the parties are fully and finally resolved by the arbitrator and, if appropriate, confirmed by the court; or (ii) the arbitrator determines that he or she has the authority under the arbitration agreement to amend, modify, or dissolve the terms of the stipulation and does so.  The stipulation was not intended to (nor should it) undermine or inhibit the arbitrator's resolution of this matter.  To the extent the arbitrator determines that he or she has jurisdiction to amend, modify, and/or dissolve the stipulation and determines that it would be appropriate to do so, he or she should not hesitate.

For the reasons set forth in the court's order dated April 18, 1996, the Clerk of the Court is directed to close this matter.

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

April 24, 1996

cc:   George R. Moore, Esq.
      Daniel s. Ebenstein, Esq.
      Steven J. Frank, Esq.
      Theodore A. Breiner, Esq.
      Garry R. Lane, Esq.
      A. Hugh Scott, Esq.